UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-60572

MARTIN BRATT,

    Plaintiff,

v.                                            **COMPLAINT – CLASS ACTION**

CREDIT PROTECTION ASSOCIATION, LP,

    Defendant.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff MARTIN BRATT ("Plaintiff"), by and through undersigned counsel, sues Defendant CREDIT PROTECTION ASSOCIATION, LP ("Defendant") for Defendant's violations of 15 U.S.C § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"). Simply put, Defendant has mailed thousands unlawful collection notices to Florida consumers, whereby each such notice contains identical violations of § 559.72(10) of the FCCPA, and § 1692f(7), § 1692f(8), § 1692e(9), and § 1692e(10), of the FDCPA.

**DEMAND FOR JURY TRIAL**

1.      Plaintiff respectfully demands a trial by jury on all alleged counts and any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir. 1982).

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

4. Supplemental jurisdiction exists for the FCCPA claim(s) under to 28 U.S.C. § 1367.

5. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

7. Defendant is a Texas corporation, with its principal place of business located in Dallas, Texas.

8. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

9. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

10. The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

11. In particular, the debt at issue (the "Consumer Debt") represents an allegedly outstanding amount Plaintiff owes the current creditor on an unsecured line of credit, of which was allotted to, and utilized by, Plaintiff for personal purposes.

12. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA0900251.

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

13. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

14. Defendant is a business entity engaged in the business of collecting consumer debts.

15. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

17. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

18. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

19. On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

20. On a date better known to Defendant, Defendant mailed a postcard, dated December 31, 2018, to Plaintiff (the "Collection Notice") in an attempt to collect the Consumer Debt. A copy of the Collection Notice is attached hereto as Exhibit "A."

21. The Collection Notice outwardly displayed the following:



See <u>Exhibit A</u>.

3 | P a g e

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

## CLASS ACTION ALLEGATIONS

22. This action is brought on behalf of the following class, to wit, the "**FDCPA Class**" and the "**FCCPA Class**."

23. The "FDCPA Class" consists of:

[1] between the March 5, 2019, and the preceding 12-months [2] all persons with Florida addresses [3] that Defendant mailed a collection notice to [4] in an attempt to collect a consumer debt [5] and the form of said notice was the same or substantially similar to that which was received by Plaintiff.

24. The "FCCPA Class" consists of:

[1] between the March 5, 2019, and the preceding 24-months [2] all persons with Florida addresses [3] that Defendant mailed a collection notice to [4] in an attempt to collect a consumer debt [5] and the form of said notice was the same or substantially similar to that which was received by Plaintiff.

A. NUMEROSITY

25. Plaintiff alleges the FDCPA Class and the FCCPA Class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning notices to addresses in Florida attempting to collect consumer debts.

B. EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

26. Common questions of law and fact exist as to each class, and predominate over any issues involving only individual class members.

27. With respect to the **FDCPA** Class, the factual issues common to the class include, but are not limited, the following:

    (a) Whether Defendant mailed the class member a collection notice within the class period;

    (b) Whether the collection notice Defendant mailed to the class member attempted to collect a consumer debt;

4 | P a g e
**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

    (c)    Whether the collection notice creates a false impression as to its source, authorization, and/or approval, as prohibited by 15 U.S.C. § 1692e(9); and

    (d)    Whether the collection notice uses any false representations and/or deceptive means to collect the applicable debt, as prohibited by 15 U.S.C. § 1692e(10).

28.    With respect to the **FDCPA** Class, principal legal issues common to the class include, but are not limited, the following:

    (a)    Whether the collection notice mailed by Defendant is a "postcard" within the context of 15 U.S.C § 1692f(7); and

    (b)    Whether the information, language, and/or symbols, displayed on the outwards portion of the collection notice, *see* <u>Infra</u> ¶ 21, violate 15 U.S.C. § 1692f(8);

29.    With respect to the **FCCPA** Class, the factual issues common to the class include, but are not limited, the following:

    (a)    Whether Defendant mailed the class member a collection notice within the class period; and

    (b)    Whether the collection notice Defendant mailed to the class member attempted to collect a consumer debt.

30.    With respect to the **FCCPA** Class, principal legal issues common to the class include, but are not limited, the following:

    (a)    Whether the collection notice mailed by Defendant unlawfully gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney, as prohibited by Fla. Stat. § 559.72(10).

31.    Excluded from each class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

C.    <u>TYPICALITY</u>

5 | P a g e
**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

32. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

D. ADEQUACY

33. Plaintiff is an adequate representative of each of the classes.

34. Plaintiff will fairly and adequately protect the interests of the classes.

35. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

E. PREDOMINANCE AND SUPERIORITY

36. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

  (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

  (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## COUNT I.
## VIOLATION OF 15 U.S.C. § 1692e(9), § 1692e(10), § 1692f(7), & § 1692f(8)

6 | P a g e

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

38. On behalf of the FDCPA Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

39. The FDCPA "is a consumer protection statute that imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)); *see also* Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009).("[t]he FDCPA establishes a **strict liability standard**; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages.").

40. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to, "*[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval*," *see* 15 U.S.C. § 1692e(9) (emphasis added), and "*[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*," *see* 15 U.S.C. § 1692e(10) (emphasis added).

41. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f; *see* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("An act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to,

7 | P a g e
**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

"*[c]ommunicating with a consumer regarding a debt by post card*," see 15 U.S.C. § 1692f(7) (emphasis added), and "*[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business*," see 15 U.S.C. § 1692f(8) (emphasis added).

42. The "least sophisticated consumer" standard dictates a debt collector's communication, or other conduct, violates the FDCPA or FCCPA. *See* Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (reiterating that the "least sophisticated consumer" standard governs "whether a debt collector's conduct is deceptive, misleading, unconscionable, or unfair under the statute." (internal quotations omitted)); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (holding that the "least-sophisticated consumer" standard applies to evaluate claims under both § 1692e and § 1692f); Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (applying the "least sophisticated consumer" standard to claims under § 1692g); *see also* Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (applying the least sophisticated consumer standard to determine whether a debt collector violated the FCCPA); Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010 (same); Bank v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which applied the least sophisticated consumer standard to determine whether the FCCPA had been violated). Thus, in the context of the FDCPA and FCCPA, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." Crawford, 758 F.3d 1254 at 1259 (citation and internal quotations omitted).

8 | P a g e
**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

43. "The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd." LeBlanc, 601 F.3d 1185 at 1194; *see* Crawford, 758 F.3d 1254 at 1258-59 ("[t]he 'least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.'" (*quoting* Jeter v. Credit Bureau, 760 F.2d 1168, 1172-73 (11th Cir. 1985))). The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Jeter, 760 F.2d at 1168.

44. "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a reasonable fashion." Gammon v. GC Servs., 27 F.3d 1254, 1257 (7th Cir. 1994); Russell v. Equifax A.R.S.,74 F.3d 30, 34 (2d Cir.1996) ("'the test is how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer – understands the notice he or she receives.'"). As such, issues which require the application of the least sophisticated consumer standard are reserved for the jury. *See* Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *3 (11th Cir. Nov. 1, 2017) ("[g]enerally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury"); *see, e.g.*, Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1381 (S.D. Fla. 2008) (whether a communication was "deceptive is a material issue of disputed fact for the jury, as fact finder, to resolve").

9 | P a g e
**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

45. With respect to the matter at hand, Defendant mailed Plaintiff the Collection Notice in an attempt to collect a debt. First, the form of the Collection Notice is that of a postcard. Second, and blatantly more deceptive, the Collection Notice, immediately adjacent to the postmark, utilizes language and/or symbols which wrongfully gives the least sophisticated consumer the false impression as to the source of the Collection Notice. As such, by and through the Collection Notice, Defendant violated § 1692e(9), § 1692e(10), § 1692f(7), and § 1692f(8) of the FDCPA.

46. **WHEREFORE**, Plaintiff MARTIN BRATT requests that this Court enter an Order directing this action to proceed as a class action, and enter judgment in favor of Plaintiff and the FDCPA class, against Defendant CREDIT PROTECTION ASSOICATION, LP for:

(a) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(c) Such other or further relief as the Court deems proper.

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)

47. On behalf of the FCCPA Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

48. The FCCPA is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." <u>Harris v. Beneficial Finance Company of Jacksonville</u>, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* <u>Bianchi v. Bronson & Migliaccio, LLP</u>, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that

10 | P a g e
**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

49. In comparation to its federal counterpart, *to wit*, the FDCPA, the FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA. *See* Mays v. Citibank, N.A., 2005 WL 6111610, at *11 (S.D. Fla. 2005) ("The [FCCPA] applies to all persons who attempt to collect debts, and is not restricted to debt collectors."); Bacelli v. MFP, Inc., 729 F.Supp. 2d 1328, 1333 n.7 (M.D. Fla. 2010) ("The FCCPA differs from the FDCPA, in part, in that it prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'"); Heard v. Mathis, 344 So.2d 651, 654 (Fla. 1st Dist.Ct.App.1977) (The FCCPA applied to private individual attempting to collect oral, noninterest bearing loan).

50. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. In particular, § 559.72(10) states that, in collecting a consumer debt, no person shall: "*[u]se a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, government agency, or attorney at law, when it is not*." Fla. Stat. § 559.72(10) (emphasis added).

51. Here, the Collection Notice mailed by Defendant, *see* Exhibit A; Infra ¶ 21, wrongfully gives the appearance of being a communication from a governmental agency, e.g., the Internal Revenue Service, in violation of § 559.72(10) of the FCCPA.

52. **WHEREFORE**, Plaintiff MARTIN BRATT requests that this Court enter an Order directing this action to proceed as a class action, and enter judgment in favor of Plaintiff and the FCCPA class, against Defendant CREDIT PROTECTION ASSOICATION, LP for:

11 | P a g e

**Rodal Law, P.A.**
5300 NW 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

(a) Statutory damages, as provided under Fla. Stat. § 559.77(2) of the FCCPA;

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. § 559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

Dated: March 5, 2019

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@rodallaw.com

/s/ Yechezkel Rodal
**YECHEZKEL RODAL, ESQ.**
Florida Bar No.  91210
E-mail:   chezky@rodallaw.com
RODAL LAW, P.A.
5300 N.W. 33rd Ave., Suite 219
Fort Lauderdale, Florida 33309
Phone:   (954) 367-5308
Fax:     (954) 900-1208

*COUNSEL FOR PLAINTIFF*